Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 1065 - 4, 5 | **DATE** | 11/13/2002 |
| **CASE TITLE** | USA vs. JACPG, Inc., Peter Palivos | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and concluded. Enter Memorandum Opinion and Order. JACPG's motion to sever [90-1] and Peter Palivos' motion to sever [92-1] are denied. Trial is set for 4/28/03 at 10:00 a.m. Parties are each to submit to chambers by 4/7/03 the following: proposed voir dire, proposed jury instructions, list of all witnesses to be called, a brief agreed statement summarizing the case to be read to the jury, and any motions to exclude. Government's oral motion to exclude time is granted. The period beginning 11/13/02 through 4/28/03 is excluded pursuant to 18.3161(h)(8)(A)(B). [X-T]

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 1 4 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 99 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MD | courtroom deputy's initials | 02 NOV 14 AM 8:24 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>)<br>PETER BOUZANIS, GEORGE PALIVOS, )<br>JACPG, INC., PETER PALIVOS and )<br>LOUIS MARIN, )<br>)<br>Defendants. )<br>) | No. 00 CR 1065<br>Judge Joan H. Lefkow<br><br>DOCKETED<br>NOV 1 4 2002 |

## MEMORANDUM OPINION AND ORDER

Before the court are separate motions by defendants Peter Palivos and JACPG, Inc., ("JACPG"), pursuant to Rules 8(a) and 14, Fed. R. Crim. P., for an order severing the charges of counts one, two, three and five against JACPG from counts six and seven against Peter Palivos and for separate trials. Counts one, two and three charge JACPG with mail fraud and conspiracy to defraud the United States Small Business Administration ("SBA"), while count five charges JACPG with presenting a false claim in bankruptcy in connection with the alleged SBA fraud.[1] Counts six and seven charge Peter Palivos with obstruction of justice and conspiracy to commit obstruction of justice.[2] For the reasons set forth below, both defendants' motions are denied.

---

[1] Counts one, two and three are also brought against Peter Bouzanis, George Palivos and Nicholas Black. Count five was additionally brought against Bouzanis. Bouzanis is also charged in count four for allegedly making a false statement on an application to the SBA. Neither Bouzanis nor George Palivos is expected to be before the court for trial, as Bouzanis is currently a fugitive and George Bouzanis (Peter's brother) resides outside of the United States.

[2] Counts six and seven were additionally brought against defendant Nicholas Black. Defendant Louis Marin is charged in count eight with tax fraud.

## FACTS

This case centers around the April 1996 sale of a restaurant named Waterfalls located in Antioch, Illinois. Defendant JACPG sold the restaurant to codefendant Peter Bouzanis ("Bouzanis"). The indictment alleges that, unbeknownst to the Money Store—the lender of the loan partially guaranteed by the SBA—JACPG and others secretly and fraudulently financed the capital injection that Bouzanis was required to provide to close the transaction. (Third Superseding Indictment at Count 1, ¶¶ 9-12.) To explain the money that changed hands around the time of the closing, the indictment alleges that the parties concocted a bogus purchase price dispute, the "settlement" of which was a payment from JACPG back to Bouzanis. (*Id.* at Count 1 ¶ 13.) With regard to these events, the indictment alleges a conspiracy and fraud schemes against defendants Bouzanis, Nicholas Black ("Black"), George Palivos (Peter Palivos's brother), and JACPG (but not against Peter Palivos or Louis Marin) in violation of 18 U.S.C. §§ 2, 371, 1341, and 1343. (*Id.* at Counts 1-3.)

After the closing of the restaurant deal, Bouzanis defaulted on the loan and declared bankruptcy. JACPG filed a claim in those bankruptcy proceedings based on a second mortgage that JACPG had extended to Bouzanis, even though the parties allegedly never intended to enforce the second mortgage, which JACPG had forgiven as part of the "settlement" of the bogus purchase price dispute. (*Id.* at Count 1 ¶¶ 10-12.) Based on these events, the indictment charges that JACPG and George Palivos committed bankruptcy fraud in connection with the filing of the bankruptcy claim in violation of 18 U.S.C. § 152(4). (*Id.* at Count 5.)

In fall 2000, the subjects of the investigation received grand jury subpoenas requiring them to produce certain documents relating to the 1996 transaction. (*Id.* at Count 6 ¶ 1(g).) The

2

indictment alleges that the grand jury was investigating, among other things, how defendants Peter Palivos and Black were involved in the 1996 transaction. (*Id.* at Count 6 ¶ 1 (f).) The indictment further alleges that Peter Palivos and Black agreed to fabricate evidence in response to the grand jury subpoena served on Black. (*Id.* at Count 6 ¶¶ 3-6.) Thus, the indictment alleges that Peter Palivos and Black obstructed and conspired to obstruct justice, in violation of 18 U.S.C. §§ 1503 and 371. (*Id.* at Counts 6, 7.)

## DISCUSSION

Peter Palivos (hereafter "Palivos") and JACPG each argue that the charges against them are improperly joined in the same indictment under Fed. R. Crim. P. 8(b) or, if the charges are properly joined, that the court should sever the trials pursuant Fed. R. Crim. P. 14 because of prejudice Palivos and JACPG would face in a joint trial. These arguments will be addressed individually and in turn.

### A. Joinder Under Rule 8(b)

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

This rule is construed "broadly to allow liberal joinder in order to enhance judicial efficiency." *United States v. Stillo*, 57 F.3d 553, 566 (7th Cir. 1995), citing *United States v. Curry*, 977 F.2d 1042, 1049 (7th Cir. 1992), *cert. denied*, 507 U.S. 947. The focus of an inquiry under Rule 8(b) is on the "underlying acts that constitute criminal offenses." *United States v. Marzano*, 160 F.3d

3

399, 401 (7th Cir. 1998). "The defendants must be charged with crimes that well up out of the same series of such acts, but they need not be the same crimes." *Id.*

The court concludes that the claims are sufficiently related to permit joinder under Rule 8(b). Defendant JACPG is charged with conspiracy to commit and commission of fraudulent schemes against the SBA in connection with the Waterfalls transaction and filing a false claim in a bankruptcy case. Palivos is charged with conspiracy to obstruct justice and obstruction of justice for allegedly causing false and misleading documents to be produced in the grand jury investigation of the suspected fraud surrounding the Waterfalls transaction and the bankruptcy case. The false and misleading documents, in turn, form the basis of the conspiracy and fraud charges against JACPG. In other words, the Waterfalls transaction, including the allegedly fraudulent loan, is a factual predicate to the failure of the restaurant and the ensuing bankruptcy, which in turn is a factual predicate to the alleged creation of false documents by Palivos and Black. Palivos' conduct, then, can be fairly said to "well up out of" the series of acts that constitute the fraud offenses. Joinder of the counts in one indictment is consistent with case law. *See, e.g., Curry*, 977 F.2d at 1049-50 (perjury relating to conspiracy properly joined with conspiracy, even if the perjury could not have been charged as part of the conspiracy, noting that "[a] conspiracy and its cover-up are considered parts of a common plan."); *United States* v. *Carmichael*, 685 F.2d 903, 909-10 (4th Cir. 1982) (rejecting argument that obstruction of justice charges were "entirely separate and distinct offenses" from conspiracy charges when alleged obstruction was an attempt to conceal the conspiracy), *cert denied*, 459 U.S. 1202 (1983).

The arguments against joinder under Rule 8(b) are unavailing. JACPG argues both that it did not participate in the activities described against Palivos and that the nearly four-and-one-

4

half-year gap between the fraud alleged against JACPG and the activities alleged against Palivos require that the charges be brought separately. The Seventh Circuit, however, has expressly rejected both these arguments. *See Marzano*, 160 F.3d at 401 (it is "neither necessary nor sufficient under Rule 8(b) that the defendants be charged with the identical crimes."); *Curry*, 977 F.2d at 1050 ("The number of years between the end of the alleged conspiracy and the subsequent alleged perjury is in our view irrelevant."). Thus, the court concludes that the charges are properly joined in a single indictment.

## B. Severance Under Rule 14

Even where the charges are appropriately joined, Rule 14 of the Federal Rules of Criminal Procedure permits the court to grant separate trials of codefendants, specifically,

> [i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

A severance of defendants after they are properly joined under Rule 8(b) should be granted if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The burden lies on the defendant to show that compelling and severe prejudice leaves severance as the only option for providing a fair trial. *United States v. Goines*, 988 F.2d 750, 781 (7th Cir. 1993), *cert denied*, 510 U.S. 887; *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982), *cert. denied*, 459 U.S. 1117. Such compelling and severe prejudice must be more than a severance providing "a better chance for acquittal." *Zafiro*, 506 U.S. at 540. Instead, circumstances the Supreme Court has found

justifying a severance include, but are not limited to, when evidence that a jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant, when defendants are tried in a complex case with different degrees of culpability, or if exculpatory evidence that would be available to a defendant if tried alone were unavailable in a joint trial. *Id.* at 539 (citations omitted). Even when such circumstances are present, however, the court must still consider "less drastic measures, such as a limiting instruction" to cure any potential prejudice. *Id.*

Palivos and JACPG argue, first, that a severance is appropriate because prejudice will result from the same jury considering the misconduct of both defendants. To prevail on an argument based on such "spillover prejudice," the defendants "must rebut the dual presumption that a jury will (1) capably sort through the evidence and (2) follow instructions from the court to consider each defendant separately." *United States v. Lopez*, 6 F.3d 1281, 1286 (7th Cir. 1993).

Palivos argues that the evidence against him is separate and distinct from any evidence against the other defendants; yet, because much of the evidence against the other missing defendants will go unchallenged due to their expected absence at trial, he fears the jury will blame him for the absent defendants' actions. The argument is unpersuasive. Palivos' claim that the evidence directed against him will be separate and distinct from the other defendants is overstated, as the obstruction of justice charge with which he is accused directly concerns the Waterfalls transaction. Thus, some overlap in proof does exist. Moreover, Palivos does not explain what compelling and severe prejudice would result by having the restaurant conspiracy evidence included in his trial. Finally, Palivos' concern that he will be blamed for the acts of missing co-defendants is entirely speculative; neither has he met the obligation to demonstrate

6

that a limiting instruction, which jurors are presumed to follow, would not be sufficient to protect him from this type of prejudice. *E.g., Francis* v. *Franklin*, 471 U.S. 307, 324 n.9 (1985) ("The Court presumes that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instruction in a criminal case and strive to understand, make sense of, and follow the instruction given them."); *United States* v. *Bonner*, 302 F.3d 776, 782 (7th Cir. 2002) ("There is a very strong presumption that a jury has understood and followed the trial court's limiting instruction . . . .").

JACPG argues that a severance is appropriate because the evidence of Palivos' obstruction of justice charges would not be admissible in a separate proceeding against JACPG and the use of a limiting instruction would be insufficient to erase the prejudice JACPG would face by having the "inflammatory" obstruction of justice charges tried with its own case. The government concedes that evidence of the obstruction conspiracy likely would not be admissible in a separate trial of the conspiracy charge involving the sale transaction; it maintains, however, that a proper limiting instruction would be sufficient to address fears that JACPG will be found guilty of the underlying fraud charges simply because Peter allegedly obstructed the investigation.

While JACPG's argument has considerably more weight than does that of Palivos, the court concludes that an appropriate limiting instruction would be sufficient to address all of JACPG's concerns without being confusing and impossible for the jury to follow, as JACPG argues. A jury could readily understand that the fraud charges are separate from the obstruction of justice charges and that Palivos is not charged in the former while JACPG is not charged in the latter. A jury could readily understand that Palivos could attempt to obstruct a grand jury

7

investigation even if JACPG is not guilty of the matter under investigation (and ultimately indicted) by the grand jury. By the same token, a jury could readily understand that even if JACPG committed fraud, one or more elements of the obstruction charges may be missing. Moreover, simply because a jury finds Palivos guilty of obstruction of justice does not automatically establish JACPG's involvement in any underlying conspiracy, as that conspiracy is alleged to have several members, of which JACPG can argue it was not part. Therefore, JACPG and Palivos' motion for separate trials under Rule 14 is also denied.

## CONCLUSION

For the reasons stated above, the court denies JACPG's motion to sever [#90] and Palivos' motion to sever [#92].

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: November 13, 2002