# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 1065 | **DATE** | 8/27/2004 |
| **CASE TITLE** | USA vs. Bouzanis, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, motion of defendant Palivos to reconsider its denial of a judgment of acquittal under FRCP 29 or a new trial under FRCP33 [#189] and motion of defendant Palivos to vacate the conviction and to dismiss the indictment as to Peter Palivos on prosecutorial misconduct and for a hearing thereon [#192] are both denied. The materials submitted as a Third Addendum to the reply are hereby stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 30 2004 date docketed | |
| | Docketing to mail notices. | | | 213 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/27/2004 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 00 CR 1065 |
| | ) | Judge Joan H. Lefkow |
| PETER BOUZANIS, GEORGE PALIVOS, | ) | |
| JACPG, INC., PETER PALIVOS and | ) | |
| LOUIS MARIN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DOCKETED
AUG 3 0 2004

## MEMORANDUM OPINION AND ORDER

Before the court are two additional post-trial motions filed by defendant Peter Palivos. The first is a motion to reconsider this court's May 24, 2004 Memorandum Opinion and Order denying Palivos' motion for judgment of acquittal and for a new trial under Federal Rules of Criminal Procedure 29 and 33. The second motion is styled "Motion to Vacate the Conviction and to Dismiss the Indictment As to Peter Palivos Based on Prosecutorial Misconduct and for a Hearing Thereon." For the reasons set forth below, both motions are denied.

I. Motion to Reconsider

A motion for reconsideration, which is subject to the discretion of the district court, serves the limited function to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). The motion also serves a valuable function where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an

213

error not of reasoning but of apprehension." *Bank of Waunakee* v. *Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted).

Palivos' argument for reconsideration under Rule 29 centers on an affidavit dated May 7, 2004, of Peter Kopsaftis. As previously iterated in the May 24, 2004 Memorandum Opinion and Order, under Rule 29 evidence must be "insufficient to sustain a conviction" and not merely point to a "probable" acquittal. May 24 Opinion at 1, *quoting,* Fed. R. Crim. P. 29(a); *United States* v. *Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999) Kopsaftis states that Government witness Dean Kalamatianos admitted to him on May 4, 2004 that Government witness Nick Black wanted Kalamatianos to take the blame for everything that Black had done. Palivos proffers no explanation as to how this statement, even if true and admissible, amounts to acquittal evidence (*i.e.*, it defeats all of the evidence already found sufficient to sustain the verdict). If anything, it could be used to impeach Kalamatianos at a new trial. This evidence appears to be yet another version of the argument that Black's and/or Kalamatianos' testimony was incredible. As stated before, "the issue of a witness' credibility is to be decided by the jury, not a judge." Memorandum Opinion and Order of May 24, 2004 at 5.

As for his motion to reconsider based on Rule 33, Palivos argues that a *Brady* violation has occurred insofar as Nick Black had personal bank loans or tax issues criminally investigated by the Government, which were not disclosed during trial. As the court stated in the May 24, 2004 Memorandum Opinion and Order, at 10, there was no evidence brought forth to this effect. Even on this motion, the court has been presented with nothing but uncorroborated hearsay statements that Nick Black's dealings with Broadway Bank or his taxes were criminally investigated. Contrary to Palivos' uncorroborated hearsay statements, the Government has

2

presented admissible evidence that there was no criminal investigation into Black's Broadway Bank dealings or his taxes. (Gov. Exs. 1 ¶ 5; 5 ¶ 4; and 6 ¶¶ 3-4.) A necessary element of a post-trial *Brady* violation is, *inter alia*, that the prosecution suppressed evidence. *See United States* v. *Silva*, 71 F.3d 667, 670 (7th Cir. 1995). The court was not persuaded the first time that any evidence has been suppressed in this case regarding criminal investigations into Black and, in light of the evidence proffered now, remains unpersuaded.

Because Palivos had demonstrated neither a manifest error of law or fact in the May 24 Opinion, nor does any newly discovered evidence point to acquittal or a new trial, the motion to reconsider is denied.

II. Motion to Vacate Conviction and to Dismiss Indictment.

Palivos' motion to vacate his conviction based on prosecutorial misconduct lists a series of four acts that he considers to be prosecutorial misconduct. In sum, most of the prosecutorial misconduct Palivos alleges stems from his view that prosecutors lied to Black about the results of certain forensic tests, thereby encouraging (or as Palivos believes "deceiving") Black to plead guilty and to implicate Palivos. Palivos submits that this encouragement or deception caused Black to implicate Palivos when he testified before the grand jury. According to Palivos, after Black and his attorney, Elliot Samuels, discovered the actual results of the forensic tests, which Palivos believes showed that the Government had previously worked a fraud on Black, Black contemplated rescinding his plea agreement. Ultimately, Palivos speculates that Black was dissuaded from doing so by threatened charges of perjury, insofar as he had by now testified under oath before the grand jury as to his conspiracy to obstruct justice and Palivos' involvement in it.

3

The first issue that the Government raises in response is timeliness, and this is not an insubstantial obstacle in Palivos' path. A motion for either judgment of acquittal under Rule 29 or for a new trial under Rule 33 must be filed within 7 days after a guilty verdict. Any extension to this time limitation can only be granted if requested within the 7-day time period. *See* Fed. R. Crim. P. 29(c)(1) (defendant may move for judgment of acquittal within 7-days after a guilty verdict or "within any other time the court sets during the 7-day period."); Fed. R. Crim. P. 33(b)(1) (motion must be filed within 7 days after the verdict "or within such further time as the court sets during the 7-day period."). Federal Rule of Criminal Procedure 45 establishes the binding nature of these time limitations: "The court may not extend the time to take any action under Rule 29, 33 . . . ." Fed. R. Crim. P. 45(b)(2). In *United States* v. *Holt*, 170 F.3d 698 (7th Cir. 1999), the Seventh Circuit very directly stated that "a defendant cannot amend the motion for a new trial to include an additional ground after the 7-day period has expired unless the district court granted an extension of time within the original 7-day time period." *Id.* at 703. Palivos' argument for prosecutorial misconduct was not raised in his initial motion under Rules 29 and 33 (filed on November 3, 2003) or his later filed supplement to that motion (filed on March 16, 2004). Accordingly, it would appear that this court is without power to consider Palivos' argument. *See United States* v. *Getty*, No. 97 C 835, 1999 WL 1024518, at *1 (N.D. Ill. Nov. 5, 1999) (noting that court lacked "adjudicatory power" to decide motion filed after deadline expired).

The one statutory exception through which this court could be able to consider Palivos' new argument, at least as it relates to a new trial under Rule 33, is if the evidence is newly discovered. *See* Fed. R. Crim. P. 33(b)(1) ("Any motion for a new trial grounded on newly

4

discovered evidence must be filed within 3 years after the verdict or finding of guilty.") The newly discovered evidence standard, as articulated in *United States* v. *Furth*, 36 F.3d 649 (7th Cir. 1994), is as follows:

> Under the "general test," [t]he defendant must show that the evidence (1) came to his knowledge only after trial; (2) could not have been discovered sooner and [he] exercised due diligence; (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of retrial. However, when faced with a claim that a witness testified falsely, the district court is to employ the more lenient test more recently set forth in *United States* v. *Reed* (citations omitted). Under *Reed*, a new trial should be granted when: (a) The court is reasonably well satisfied that the testimony given by a material witness is false. (b) The jury might have reached a different conclusion absent the false testimony by a material witness or if it had known that testimony by a material witness was false. (c) The party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial. (citations omitted).

*Id.* at 651.

The evidence Palivos relies on to prove his prosecutorial misconduct claim includes (1) a February 3, 2003 letter sent to Black from his attorney, Samuels (Def. Ex. E); (2) a letter from an attorney in Greece named Sotirios Bregiannos[1] dated November 18, 2003 (Ex. G); and (3) a letter from Samuels to Bregiannos dated September 19, 2002. (Ex. F.) None of this evidence is newly discovered. In fact, all of the above was discussed in Palivos' motion for judgment of acquittal or for new trial and his supplement to that motion. (*See* docket entry #169 Exs. A and B.) The current motion is more an attempt by new counsel to argue a different theory based on facts which were present to previous counsel.[2] Because the facts underlying this argument are not

---

[1] Bregiannos is said to represent fugitive defendant Peter Bouzanis, who is believed to be in Greece.

[2] Palivos appears to argue that prosecutorial misconduct may be raised at any time. No case is cited for this point of law, and such a theory, particularly where the factual predicate for the alleged prosecutorial misconduct is known, would appear in tension with the time limitations discussed above in the Federal Rules of Criminal Procedure.

5

newly discovered, and because this argument was not included in either Palivos' post-trial motion or his supplement to that motion, the court is without power to hear this additional argument. Thus, Palivos' motion on this ground is denied.

In a "Third Addendum to Defendant Palivos's Reply," Palivos attacks the credibility of an attorney, Eliot Samuels, whose affidavit the Government submitted in opposition to the motions, with a copy of a letter from Demetrios Kazonis (Black's employer) purporting to "debunk" Mr. Samuels' statement in the affidavit that he sent a letter (Exhibit B to the original motion to vacate and Exhibit E to the pending Motion to Vacate) "so that Black 'could keep his job' with . . . Kozonis." Motion for Leave to File Third Addendum at 1. In the first place, this is not newly discovered evidence; it is newly created evidence. Even if considered, it amounts to nothing. Samuels' affidavit actually says that he sent the letter with a purpose "to diffuse [*sic*] inquiries about Mr. Black's cooperation with the government and his involvement in the charged offenses so that Mr. Black could continue to work." Govt. Response, Exh. 1 ¶ 3. To use Palivos' counsel's own word, this merely "reconfirms" what Palivos has already presented, an affidavit from Kozonis saying that he and Black met with Samuels about a different purpose: Black's withdrawing his guilty plea. *See* Motion to Vacate, Exh. N ¶ 7.[3]

---

[3]Samuels does not state in his affidavit that he did not discuss withdrawal of the plea with Black or Kozonis. Rather, he states that he did not proceed to seek withdrawal of the plea for Black. ¶ 3. Kozonis's letter concedes as much when he says, "After our meetings, you recommended that Nick should not try to vacate his guilty plea because you feared that Nick could lose his probation deal." That such meetings occurred is not inconsistent with Samuels' statement that he was attempting to deflect inquiries about Black's cooperation; the meetings might have served that very purpose.

As for the 235-pages of generalized "research" which accompany the letter, they are unaccompanied by an authenticating affidavit showing who generated the documents, when, where or why, and the submission contains no information even indicating that the research was done on behalf of Black or that it pertained specifically to withdrawal of pleas under circumstances approaching what Black was allegedly considering at the time. To file such a document is neither helpful nor considerate of the Clerk's limited storage capacity.

6

**ORDER**

Palivos' Motion to Reconsider Its Denial of a Judgment of Acquittal Under FRCP29 or a New Trial Under FRCP33 [#189] and his Motion to Vacate the Conviction and to Dismiss the Indictment As to Peter Palivos Based on Prosecutorial Misconduct and for a Hearing Thereon [#192] are both denied. The materials submitted as a Third Addendum to the reply are hereby stricken.

Enter: *Joan H. Lefkow*
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: August 27, 2004